UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Defendant/Counter-plaintiff,<br><br>vs.<br><br>SCOTT BRASS HOLDING CORP. AND SUN SCOTT BRASS, LLC,<br><br>Third Party Defendants. | Civ. A. No. 10-10921 DPW<br><br>Hon. Douglas P. Woodlock, USDC (Presiding)<br><br>Hon. Marianne B. Bowler, USMJ |

**PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

COMES NOW plaintiff Sun Capital Partners III, LP, plaintiff Sun Capital Partners III QP, LP, and plaintiff Sun Capital Partners IV, LP (collectively, the "Sun Partnerships"; individually, each a "Sun Partnership"), by and through their undersigned counsel, and hereby move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for partial judgment on the pleadings as to Count IV of their Complaint and the corresponding provisions of defendant New England Teamsters And Trucking Industry Pension Fund's ("NETTIPF's") Affirmative Defenses (¶ 1) and Counterclaim (¶ 33), stating in support of the instant motion the following:

A.   **The Pleadings Are Closed And Filing Of This Motion Will Not Delay Trial.**

  1.   The Sun Partnerships filed their Complaint on June 4, 2010 (*see* Dkt. #1).

  2.   NETTIPF filed its Answer, Affirmative Defenses, Third Party Claims, and Counterclaim on June 24, 2010 (*see* Dkt. #12).

3. The Sun Partnerships filed their Answer to NETTIPF's Counterclaim on July 15, 2010 (*see* Dkt. #15).

4. The pleadings in this case are closed.

5. No trial date has been calendared in this case, and therefore the filing of this motion should not delay the trial of this matter.

**B.  Count IV Of The Complaint Raises Legal Issues That Are Ripe For Decision.**

6. Count IV of the Sun Partnerships' Complaint asks this Court to declare that the claims and defenses at issue in this lawsuit are not subject to the arbitration requirements of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). *See* Compl. ¶¶ 86-96.

7. NETTIPF's Answer asserts that legal conclusions and matters of statutory interpretation are put at issue by Count IV of the Sun Partnerships' Complaint. *See* Answer ¶¶ 87, 88 & 91. NETTIPF's Answer further admits that this Court should decide whether the claims and defenses at issue in this lawsuit are subject to MPPAA arbitration requirements. *See* Answer ¶ 30. None of NETTIPF's answering allegations suggests that there are any material disputes of fact that would prevent decision of Count IV as a matter of law. *See* Answer ¶¶ 86-96.

8. NETTIPF's Affirmative Defenses also ask this Court to refer this action to arbitration. *See* Aff. Def. ¶ 1.

9. NETTIPF's Counterclaim likewise asserts that the parties' disputes are subject to MPPAA arbitration requirements. *See* Countercl. ¶ 33.

C. **The Sun Partnerships Should Be Awarded Partial Judgment On The Pleadings.**

10. "[A] party may properly move for partial judgment on the pleadings to further the policy goal of efficient resolution of actions when there are no material facts in dispute." *McLaughlin Transp. Sys., Inc. v. Rubinstein*, 390 F. Supp. 2d 50, 57 (D. Mass. 2005).

11. There are no material facts in dispute with respect to Count IV of the Complaint and the corresponding provisions of the Affirmative Defenses and Counterclaim. Moreover, awarding each Sun Partnership partial judgment with respect to the legal disputes raised by the aforementioned pleadings will further the policy goal of efficient resolution of this action by streamlining these proceedings and avoiding future delays and issues that could arise if these threshold legal disputes are not decided at the outset of this litigation.[1]

12. For the reasons set forth in Plaintiffs' Memorandum In Support Of Their Motion For Partial Judgment On The Pleadings (which reasons are incorporated herein by this reference), the Court should award judgment to each Sun Partnership as to Count IV of the Complaint and the corresponding provisions of NETTIPF's Affirmative Defenses (¶ 1) and Counterclaim (¶ 33) and declare that the claims and defenses at issue in this lawsuit are not subject to MPPAA arbitration requirements.

---

[1] NETTIPF has advised that it does not intend to collect from plaintiffs interim withdrawal liability payments in advance of a determination by the appropriate tribunal on the merits of the status of each Sun Partnership as an "employer" for purposes of MPPAA. Accordingly, the Sun Partnerships are not at this time moving for partial judgment on the pleadings with respect to Count III of their Complaint, which asks the Court to declare that no Sun Partnership has an obligation to make interim withdrawal liability payments unless and until the appropriate tribunal determines that the Sun Partnership is an "employer" for MPPAA purposes. Each Sun Partnership, however, reserves the right to move for a judgment on the pleadings with respect to Count III of the Complaint and the corresponding provisions of NETTIPF's Affirmative Defenses (¶ 3) and Counterclaim (¶ 34) in the future if a change in circumstances so warrants.

**D.     The Parties Have Met And Conferred.**

13.    Prior to filing this lawsuit, the Sun Partnerships advised NETTIPF that they believed case law clearly established that their claims were not subject to MPPAA arbitration requirements. *See* Compl., Ex. 2.

14.    Accordingly, prior to the filing of this lawsuit, the Sun Partnerships asked for NETTIPF to agree that the parties' disputes were not arbitrable. *See id.*

15.    NETTIPF did not agree with the Sun Partnerships' request, and therefore plaintiffs included Count IV in their Complaint, asking for a declaration that plaintiffs' claims were not subject to MPPAA arbitration requirements. *See* Compl. ¶¶ 80, 90; Compl., Ex. 2; Answer ¶¶ 80, 90.

16.    Subsequently, NETTIPF agreed to a stay of a related arbitration that was filed by the Sun Partnerships so that this Court could decide the issue of whether the claims and defenses at issue in this lawsuit are subject to MPPAA's arbitration requirements. *See* Answer ¶ 90.

17.    The Sun Partnerships' counsel conferred with counsel for NETTIPF on August 18, 2010, in accordance with the requirements of Local Rule 7.1, in another unsuccessful attempt to resolve or narrow the issues for decision that are raised by this motion. *See* Local Rule 7.1 Certification, appended to this Motion.

\* \* \*

WHEREFORE, each Sun Partnership respectfully requests that pursuant to Rule 12(c) of the Federal Rules of Civil Procedure the Court award it judgment on the pleadings with respect to Count IV of the Complaint and the corresponding provisions of defendant's Affirmative Defenses (¶ 1) and Counterclaim (¶ 33).

Respectfully submitted,

SUN CAPITAL PARTNERS III, LP
SUN CAPITAL PARTNERS III QP, LP, and
SUN CAPITAL PARTNERS IV, LP

By their attorneys:

/s/ Drew G.A. Peel

John D. Hanify (BBO No. 219880)
Theodore J. Folkman (BBO No. 647642)
HANIFY & KING, Professional Corporation
One Beacon St.
Boston, Mass. 02108
(617) 423-0400

Drew G.A. Peel*
Jeffrey S. Quinn*
Zubin P. Khambatta*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000

* Admitted *pro hac vice*

Dated: August 20, 2010

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to L.R. 7.1(a)(2), I certify that on August 18, 2010, Theodore Folkman and the undersigned (counsel for Sun Capital Partners III, LP, Sun Capital Partners III QP, LP, and Sun Capital Partners IV, LP) conferred with Catherine Campbell and Renee Bushey (counsel for the New England Teamsters And Trucking Industry Pension Fund) by telephone and attempted in good faith to resolve or narrow the issues presented in Plaintiffs' Motion For Partial Judgment On The Pleadings.

/s/ Drew G.A. Peel
Drew G.A. Peel

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants on August 20, 2010.

/s/ Theodore J. Folkman

573246