UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Defendant/Counter-plaintiff<br><br>vs.<br><br>SCOTT BRASS HOLDING CORP. AND SUN SCOTT BRASS, LLC,<br><br>Third Party Defendants. | Civ. A. No. 10-10921 DPW<br><br>Hon. Douglas P. Woodlock, USDC (Presiding)<br><br>Hon. Marianne B. Bowler, USMJ |

### [PROPOSED] AGREED PROTECTIVE ORDER

Pursuant to applicable Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Massachusetts, the Court has a substantial interest in protecting the legitimate privacy interests of the undersigned parties and third parties while at the same time preserving the undersigned parties' rights to conduct full and complete discovery. It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and in view of the agreement of the parties to this order as signified by the signatures of their counsel below, it is hereby ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential Material" and subject to this Agreed Protective Order (hereafter "Order") any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential

business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection, including, but not limited to, under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, Local Rule 5.3, or other applicable Rules. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL".

2. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by further order of the Court.

3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing or any third-party providers of secretarial, paralegal, clerical, duplicating

and data processing services, provided such third-party providers and their staff or employees have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential Material if the deponent is produced by a party, or if it appears that the deponent authored or received a copy of the Confidential Material, was involved in the subject matter described therein, or is employed by the party who produced the Confidential Material, or if the party producing such Confidential Material otherwise consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock trial sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided such vendors and their staff and employees have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

(g) The parties (which includes all officers or employees of the parties who have agreed to preserve the confidentiality of the Confidential Material).

4. Confidential Material shall only be used by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders

such disclosure -- provided that nothing herein shall preclude a party from seeking appropriate relief from such order according to applicable Rules, before the appropriate tribunal, and before the subject Confidential Material is publicly disclosed.

5. With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential Material, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days, and in all instances individuals to whom such deposition transcripts are disclosed may use Confidential Material in such transcripts solely for the purposes permitted by Paragraph 2 of this Order. Upon being informed that certain portions of a deposition are to be designated as Confidential Material, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6. If counsel for a party receiving documents or information designated as Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential Material. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)  If a dispute as to a Confidential Material designation cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with the procedures and requirements prescribed by Local Rules 7.2 and 37.1.

7.  All requests to seal or impound documents filed with the Court shall comply with Local Rule 7.2.

8.  If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice to the producing party, and taking such steps as the Court shall, upon motion of the disclosing party, deem necessary to preserve the confidential nature of the Confidential Material. .

9.  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of any documents or information that should have been designated as Confidential Material, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom

the material was disclosed that the material should have been designated Confidential Material within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material under this Order.

10. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.

11. No information that is in the public domain or which is already known by the receiving party through sources other than a party hereto or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Order. For the avoidance of doubt, all documents and information exchanged by the parties prior to the commencement of this lawsuit that were designated as confidential under the agreement that the parties reached respecting such matters shall automatically be deemed Confidential Material for the purposes of this Order, except that insofar as any party wishes to challenge the designation of any such documents and information as Confidential Material, then that party shall proceed to dispute such designation in accordance with the procedures prescribed by this Order.

12. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. Nothing in this order prevents any Party or

Protected Person from seeking modification of this order or relief from its terms upon motion duly made pursuant to the Rules of this Court.

13. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court.

14. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Material and to destroy, should such source so request, all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings subject to the provisions of this Order. To the extent a party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.



Douglas P. Woodlock
United States District Court Judge

| | |
|---|---|
| Respectfully submitted and agreed to, | Respectfully submitted and agreed to, |
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP | THE NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND |
| By their attorneys: | By its attorneys: |

John D. Hanify (BBO No. 219880)
Theodore J. Folkman (BBO No. 647642)
HANIFY & KING, Professional Corporation
One Beacon St.
Boston, Mass. 02108
(617) 423-0400

Catherine M. Campbell, Esq.
BBO # 549397
Renee J. Bushey
BBO # _____
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street, Suite 300
Boston, MA  02109
(617) 338-1976

Drew G.A. Peel*
Jeffrey S. Quinn*
Zubin P. Khambatta*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
(312) 862-2000

* Admitted *pro hac vice*

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Defendant/Counter-plaintiff<br><br>vs.<br><br>SCOTT BRASS HOLDING CORP. AND SUN SCOTT BRASS, LLC,<br><br>Third Party Defendants. | Civ. A. No. 10-10921 DPW<br><br>Hon. Douglas P. Woodlock, USDC (Presiding)<br><br>Hon. Marianne B. Bowler, USMJ |

**AGREEMENT TO BE BOUND BY
DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1. My address is _____. I submit this Agreement to be Bound pursuant to an Order of the United States District Court for the District of Massachusetts.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order and Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

      6.      I will limit use of the Confidential Material disclosed to me solely for the purpose of this action.

      7.      No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

      I declare under penalty of perjury that the foregoing is true and correct.

Date:_____      Signature:_____