UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Defendant/Counter-plaintiff<br><br>vs.<br><br>SCOTT BRASS HOLDING CORP. AND SUN SCOTT BRASS, LLC,<br><br>Third Party Defendants. | Civ. A. No. 10-10921 DPW<br><br>Hon. Douglas P. Woodlock, USDC (Presiding)<br><br>Hon. Marianne B. Bowler, USMJ |

**JOINT STATUS REPORT**

Plaintiffs/counter-defendants Sun Capital Partners III, LP, Sun Capital Partners III QP, LP, and Sun Capital Partners IV, LP, (collectively "Plaintiffs"), and defendant/counter-plaintiff New England Teamsters and Trucking Industry Pension Fund ("NETTIPF" and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, submit this Joint Status Report pursuant to the Court's order in its December 8, 2010 Electronic Notice of Rescheduling.

**I.    Discovery To Date and Pending Discovery Motions**

Pursuant to the Court's order in its December 8, 2010 Electronic Notice of Rescheduling, discovery in this lawsuit was to be completed by February 1, 2011.

Plaintiffs have served one set of document requests and one set of interrogatories on NETTIPF. In response to Plaintiffs' document requests, NETTIPF produced responsive documents with the exception of counsel's Litigation Reports. NETTIPF states that these

Litigation Reports are prepared by counsel for the Trustees of NETTIPF in order to advise them of the status of over sixty different litigation matters. NETTIPF will by April 18, 2011, provide to Plaintiffs information, including authors, recipients, and descriptions of documents, sufficient to assess all its claims of privilege including those pertaining to the Litigation Reports. With regard to Plaintiffs' interrogatories, NETTIPF has agreed to provide a supplemental response that covers the topics in interrogatory Nos. 1-4 by Monday, April 18, 2011. Plaintiffs have also taken the deposition of Edward F. Groden, as the Rule 30(b)(6) representative of NETTIPF.

Pending before the court are discovery motions relating to discovery sought by NETTIPF. These pending motions are described below.

NETTIPF has served two rounds of discovery requests that include both document requests and interrogatories. Plaintiffs have produced approximately 57,000 pages of documents in response, and have furnished a privilege log. NETTIPF has taken the depositions of the following six persons: Kevin Calhoun, as the Rule 30(b)(6) representative of Sun Capital Partners IV, LP, Melissa Klafter, as the Rule 30(b)(6) representative Sun Capital Partners III, LP, and Sun Capital Partners III QP, LP, Barry S. Golden, President and CEO of Scott Brass, Inc., Christopher Metz, Managing Director of Sun Capital Advisors, Inc. and director of Scott Brass Holding Corp. and Scott Brass, Inc., M. Steven Liff, Senior Managing Director of Sun Capital Advisors, Inc., and Scott Edwards, as the Rule 30(b)(6) representative of Sun Capital Advisors, Inc. NETTIPF has also noticed the depositions of Marc A. Leder and Rodger R. Krouse, co-CEOs of Sun Capital Advisors, Inc., and these notices are the subject of a pending discovery motion that is discussed below.

Pending before the Court are motions on two discovery matters. First, Plaintiffs have filed a motion for a protective order in response to deposition notices of Marc A. Leder and

Rodger R. Krouse, and in opposition NETTIPF has filed a motion to compel these depositions. Second, NETTIPF has filed a motion to compel discovery responses to an interrogatory and the deposition testimony of M. Steven Liff, and to determine privilege on certain inadvertently produced documents. Plaintiffs have refused to respond to the discovery requests which are the subject of NETTIPF's Motion to Compel based upon attorney-client privilege.

**II.    Pending or Contemplated Motions**

NETTIPF is contemplating filing a motion to amend its counter-claims to include an evade or avoid counter-claim against the Plaintiffs pursuant to Section 4212(c) of ERISA. NETTIPF contends that evidence for this claim is found in e-mails that were at first received inadvertently during discovery in this matter and are currently the subject of a Motion to Determine Privilege Under Federal Rule of Civil Procedure 26(b)(5)(B).  Plaintiffs' position is that contents of these e-mails that are put at issue by this motion are privileged and provide no support for any "evade or avoid" claim regarding the withdrawal liability at issue in this lawsuit. If the Court determines that certain documents and information currently the subject of NETTIPF's motion to determine privilege under Federal Rule of Civil Procedure 26(b)(5)(B) are not privileged, NETTIPF will seek to file such a motion.  NETTIPF will then also seek to re-open discovery to obtain  additional discovery on this new counter-claim.  Plaintiffs will oppose a motion to amend NETTIPF's counter-claims to add an "evade or avoid" claim or any attempt to re-open discovery with respect to such a claim/

Plaintiffs do not waive the right to file a motion to compel with respect to NETTIPF's failure to provide a privilege log, to obtain a supplemental response from NETTIPF regarding interrogatory Nos. 1-4 if NETTIPF fails to provide one by April 18, 2011, or to seek other appropriate relief with respect to these two matters.  NETTIPF does not waive the right to seek any appropriate relief with respect to any attachments to emails that Plaintiffs have produced.

The Parties plan to file opposing motions for summary judgment on the following claims: (1) Count I of Plaintiffs' Complaint seeking a declaration that Plaintiffs have never formed a *de facto* joint venture or partnership in relation to their ownership interests in Sun Scott Brass, LLC, which during the relevant period has owned more than 80% of the outstanding stock of Scott Brass Holding Corp., which in turn has wholly owned Scott Brass, Inc. during the relevant period; (2) Count II of Plaintiff's Complaint seeking a declaration that each of the Plaintiffs is not a "trade or business" within the relevant controlled group liability provisions of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1001-1461 (*see* 29 U.S.C. § 1301(b)(1)); (3) NETTIPF's counter-claim that mirrors Plaintiffs' Counts I and II in seeking withdrawal liability on the theory that Plaintiffs have formed a joint venture or partnership that is part of the same controlled group as Scott Brass, Inc. and meet the "trade or business" requirement of ERISA for controlled group liability (Answer ¶¶ 26-34).

**III.    Settlement Discussions**

Counsel for the parties have discussed the possibility of participating in a non-binding mediation for the purpose of reaching a settlement. NETTIPF would agree to participate in a court sponsored mediation or settlement conference. Plaintiffs are considering a mediation or other dispute resolution procedure.

**IV.    Proposal for Date for Filing of Dispositive Motions**

The parties suggest that the Court enter an order requiring that dispositive motions be filed 60 days after the Court enters the last of its rulings on the pending discovery motions and any motion by NETTIPF to amend its pleading to add an "evade or avoid" counter-claim and to seek discovery regarding the same. Because the Court's rulings on these matters may require the Parties to provide additional discovery, the Parties agree that setting a deadline that is based on when these rulings have been made is superior to setting a fixed date for the deadline.

V.     **Proposed Dates for Pretrial Conference and for Trial**

Given the pending discovery motions, the possibility that new non-dispositive motions may be filed including discovery motions and a motion by NETTIPF to bring an "evade or avoid" counter-claim, and the uncertainty of when summary judgment motions would be due, the Parties concur that it is not advisable to set dates for pretrial conference and for trial at this time.

Respectfully submitted,

For the Defendant/Counter-Plaintiff,
Charles Langone, Fund Manager,
New England Teamsters and Trucking Industry Pension Fund

By their Attorneys,
/s/ Renee J. Bushey
Catherine M. Campbell, BBO # 549397
Renee J. Bushey, BBO # 629444
Feinberg, Campbell, Zack, PC
177 Milk Street, Suite 300
Boston, MA 02109
(617)338-1976

Respectfully submitted,

For the Plaintiffs/Counter-Defendants Sun Capital Partners III, LP, Sun Capital Partners III QP, LP, and Sun Capital Partners IV, LP

By their Attorneys,
/s/ Theodore J. Folkman
Theodore J. Folkman, BBO # 647642
Murphy & King, Professional Corp.
One Beacon Street
Boston, MA 02108
(617) 423-0400
tjf@murphyking.com

Jeffrey S. Quinn*
Zubin P. Khambatta*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
jeffrey.quinn@kirkland.com
zubin.khambatta@kirkland.com

* Admitted *pro hac vice*

Dated: April 12, 2011

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified n the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2011.

/s/ Theodore J. Folkman