UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Defendant/Counter-plaintiff | Civ. A. No. 10-10921-DPW |

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Sun Capital Partners III, LP, Sun Capital Partners III QP, LP, and Sun Capital Partners IV, LP, by and through their undersigned counsel, move for summary judgment on the following claims for which there is no genuine dispute as to any material fact and plaintiffs are entitled to judgment as a matter of law:

(1) Plaintiffs' First Claim for Relief of their Complaint, by which they seek a declaration that they are not liable for the withdrawal liability assessed by defendant New England Teamsters And Trucking Industry Pension Fund ("NETTIPF") because they have never been members of the controlled group of Scott Brass, Inc. under the relevant provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA");

(2) Plaintiffs' Second Claim for Relief of their Complaint, by which they seek a declaration that they are not liable for the withdrawal liability assessed by NETTIPF because they are not "trades or businesses" under the relevant provisions of the ERISA and MPPAA;

(3) Count I of defendant's amended Answer by which NETTIPF seeks a judgment finding that plaintiffs formed an partnership or joint venture that makes them liable for withdrawal liability it assessed against Scott Brass, Inc. (Am. Ans., Count I, ¶¶26-40); and

(4) Count II of defendant's amended Answer by which defendant seeks a judgment that one or more plaintiffs engaged in an "evade or avoid" transaction under 29 U.S.C. §1392(c) (*Id.*, Count II, ¶¶ 42-56).

In further support of their motion, plaintiffs submit an accompanying memorandum of law and Statement of Undisputed Facts.

REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(D), the plaintiffs request oral argument on this motion.

Respectfully submitted,

SUN CAPITAL PARTNERS III, LP,
SUN CAPITAL PARTNERS III QP, LP, and
SUN CAPITAL PARTNERS IV, LP

By their attorneys:

/s Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tjf@murphyking.com

John F. Hartmann, P.C.*
Marla Tun*
Jeffrey S. Quinn*
Zubin P. Khambatta*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
john.hartmann@kirkland.com
marla.tun@kirkland.com
Jeffrey.quinn@kirkland.com
zubin.khambatta@kirkland.com

*Admitted *pro hac vice*

Dated: September 12, 2011

CERTIFICATE OF CONSULATION

Pursuant to L.R. 7.1., I certify that I have consulted with opposing counsel in good faith in an attempt to resolve or narrow the issues presented by this motion.

/s/ Zubin P. Khambatta

CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 12, 2011.

/s/ Theodore J. Folkman

605792