UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP and SUN CAPITAL PARTNERS IV, LP,<br><br>      Plaintiffs/Counter-Defendants,<br><br>v.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>      Defendant/Counter-Plaintiff,<br><br>v.<br><br>SCOTT BRASS HOLDING CORP and SUN SCOTT BRASS, LLC,<br><br>      Third Party Defendants. | C.A. No.: 10-10921 DPW |

**DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO AMEND
THE JUDGMENT PURSUANT TO RULE 59(e)
AND MEMORANDUM IN SUPPORT THEREOF**

NOW COMES Defendant/Counter-Plaintiff, New England Teamsters and Trucking Industry Pension Fund ("the Pension Fund"), and moves this Court to Amend the Judgment pursuant to Rule 59(e) to include interest, liquidated damages, fees and costs pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2).

Fed. R. Civ. P. Rule 59(e) Motion to Alter or Amend a Judgment allows a party to move to alter or amend a judgment filed no later than 28 days after the entry of the judgment. Such motion for reconsideration will be granted if: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) a clear error of law or manifest injustice must be corrected.  See *NL Indus. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n. 8 (3d Cir. 1995).

In this case, there has been a clear error of law as the statutory interest, liquidated damages, fees and costs were not included in the Court's March 28, 2016 Judgment as allowed under 29 U.S.C. § 1132(g)(2) and as set forth in the Pension Fund's Amended Counterclaim filed on May 27, 2011 and which was the subject of the Pension Fund's Motion for Summary Judgment.

The Plaintiffs/Counter-Defendants have been declared employers under common control by this Court and are therefore liable for the withdrawal liability of Scott Brass, Inc. Despite having filed arbitration, which has been stayed pending the outcome of the District Court litigation, the Plaintiffs/Counter-Defendants have no defense to the imposition of the interest, liquidated damages, fees and costs as the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1381 et seq., creates a "pay now, dispute later" mechanism, which requires employers to pay pending arbitration. *Giroux Bros. Transp. v. New England Teamsters & Trucking Indus. Pension Fund*, 73 F.3d 1 (1st Cir. Mass. 1996).

Therefore, the Judgment of this court should be amended pursuant to Fed. R. Civ. P. 59(e) to include interest in the amount of $2,253,787.76, and liquidated damages in the amount of $903,307.80. If the motion is granted, Counsel for the Pension Fund will file the appropriate affidavit outlining attorneys' fees and costs.

Dated:  April 25, 2016                                                                  Respectfully submitted,

                                                       Catherine M. Campbell
                                                      BBO # 549397
                                                      Feinberg, Campbell & Zack, PC
                                                      177 Milk Street, Suite 300
                                                      Boston, MA 02109
                                                      (617) 338-1976

                                                      /s/ Catherine M. Campbell
                                                      Catherine M. Campbell, Esq.
                                                      Attorney for Plaintiff,
                                                      Charles Langone


## CERTIFICATE OF SERVICE

     I, Catherine M. Campbell, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  April 25, 2016                                                                  /s/ Catherine M. Campbell
                                                                                                  Catherine M. Campbell, Esq.