UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP and SUN CAPITAL PARTNERS IV, LP,<br><br>　　　Plaintiffs/Counter-Defendants,<br><br>v.<br><br>NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>　　　Defendant/Counter-Plaintiff,<br><br>v.<br><br>SCOTT BRASS HOLDING CORP and SUN SCOTT BRASS, LLC,<br><br>　　　Third Party Defendants. | C.A. No.:  10-10921 DPW |

**REPLY OF THE NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND TO THE PLAINTIFFS/COUNTER-DEFENDANTS' OPPOSITION TO MOTION TO AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

1. The Pension Fund's to Amend the Judgment to Include Attorneys' Fees and Costs was Timely Filed.

Plaintiffs/Counter-Defendants' Sun Capital Partners III, LP, Sun Capital Partners III QP, LP and Sun Capital Partners IV, LP ("Sun Capital") Opposition stating that Defendant/Counter-Plaintiff's request for attorneys' fees should be denied as untimely under Rule 54(d) of the Federal Rules of Civil Procedure ignores holdings by courts in the Second, Sixth, Ninth and Eleventh Circuits, and indeed by this District Court.  All have held that the timely filing of a post-judgment motion under Fed. R. Civ. P. 59 suspends the finality of the judgment, which is the subject of the motion.  Thus, the 14 days for filing a motion for attorneys' fees required by Fed. R. Civ. P. 54(d) runs from the resolution of any post-judgment motions.

In *Weyant v. Okst*, 198 F.3d 311, 314-315 (2d Cir. 1999), the Second Circuit held:

> The timely filing of a post-judgment motion pursuant to Fed. R. Civ. P. 50(b), 52(b), or 59 automatically "affects the finality of the judgment," Fed. R. Civ. P. 59 Advisory Committee Note (1995), because such a motion seeks to alter the judgment or reverse decisions embodied in it. (citations omitted) … Because the 14-day period established by Rule 54(d)(2)(B) for the filing of a motion for attorneys' fees was introduced in large part to avoid piecemeal appeals of merits and fee questions, that 14-day period begins to run with the entry of a final judgment. And because the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59, we conclude that a Rule 54(d)(2)(B) motion is timely if filed no later than 14 days after the resolution of such a Rule 50(b), 52(b), or 59 motion.

The Sixth Circuit similarly stated, "We hold that because a timely filed Rule 59(e) motion destroys the finality of judgment, a motion for attorney fees filed pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) is timely if filed within fourteen days of the order disposing of the Rule 59(e) motion." *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 691 (6th Cir. 2005). See also *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 317 (6th Cir. 2015); *Bailey v. County of Riverside*, 414 F.3d 1023 (9th Cir. 2005); *Members First Fed. Credit Union v. Members First Credit Union*, 244 F.3d 806 (11th Cir. 2001).

Although *Weyant* was decided prior to the extension of the time to file Rule 59(e) Motions from 10 to 28 days, Courts continue to find Fed. R. Civ. P. 54(d) Motions timely if filed within 14 days of the ruling on Motions under Fed. R. Civ. P. 59(e). As stated in *Sorenson v. Wolfson*, 2016 U.S. Dist. LEXIS 36626, 8-10 (S.D.N.Y. Mar. 21, 2016):

> Cases decided after the 2009 amendments have continued to interpret Weyant as establishing that a "motion for attorney's fees is timely under *FRCP 54(d)(2)(B)* when filed within 14 days after the entry of judgment, or within 14 days of the resolution of postjudgment motions." *Farinella v. Ebay, Inc.*, No. 05-CV-1720, 2011 U.S. Dist. LEXIS 34195, 2011 WL 1239959, at *2 (E.D.N.Y. Mar. 30, 2011) (holding supplemental application for attorneys' fees was untimely because it was filed a year after the resolution of a *Rule 59(e)* motion); see, e.g., *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc., 782 F.3d 313, 317 (6th Cir. 2015)*; *Watrous v. Borner*, 995 F. Supp. 2d 84, 88 (D. Conn. 2014) ("[U]nder Weyant, a party's motion for attorney's fees is timely, unless filed outside the fourteen-day window following the court's last ruling on any pending *Rule 50(b)*, *52(b)*, or *59* motions . . . ."), appeal dismissed, (Sept. 19, 2014); *Registry Sys.*

*Int'l, LTD. v. Hamm,* No. 08cv00495 (PAB) (MJW), 2012 U.S. Dist. LEXIS 140444, 2012 WL 4476635, at *5 (D. Colo. Sept. 28, 2012) ("[The plaintiff] is correct that the 14 day period does not begin to run until after the Court rules on the *Rule 59(e)* motions.").

The Pension Fund disagrees with Sun Capital's analysis that the decision of this District Court in *Drumgold v. Callahan,* 806 F.Supp.2d 428 (D. Mass. 2011), which it relegates to a footnote, is inapplicable. (Sun Capital's Opposition, p. 5 fn. 1). In fact, it is precisely on point following the *Weyant* rule that post-judgment motions suspend the finality of the judgment, such that the 14-day period for requesting attorneys' fees and costs under Fed. R. Civ. P. 54 measured from the day of the initial judgment is no longer relevant. *Id*. at 435. As Judge Gertner states:

> The approach promotes judicial efficiency because it minimizes the likelihood that the prevailing party will need to file multiple motions for attorneys' fees, first within 14 days of judgment and again after post-trial motions. The plaintiffs' fee petition would look very different if I were to allow post-trial motions in whole or in part … This holding is thus in line with the original purpose of the 14-day limitation to "minimize the need for piecemeal appeals." *Id.*

This *Drumgold* analysis is entirely in line with a recent order of the U.S. Court of Appeals for the First Circuit regarding the finality of this Court's original judgment upon the filing of a post-judgment motion. (See attached as Exhibit 1). In the Order of the Court, Sun Capital's Notice of Appeal does not become effective until the District Court disposes of the post-judgment motion.

Furthermore, given that Sun Capital has agreed to the Pension Fund's request to amend the judgment to include interest and liquidated damages (Sun Capital Opposition, p. 6), a new judgment must be issued regardless of the outcome of the attorneys' fees request. Assuming, *arguendo,* this Court finds that the Pension Fund's request for fees was untimely, the Advisory Committee Notes with respect to Fed. R. Civ. P. 54 state: "A new period for filing will automatically begin if a new judgment is entered following … the granting of a motion under

Rule 59." As stated by the D.C. District Court, "…the court's entry of an amended judgment created '[a] new period for filing' and cured that untimeliness, notwithstanding the fact that the petition was filed before entry of the new judgment. Appellants thus satisfied Rule 54(d)(2)(B)'s dictates, leaving no ground on which to deny appellants' fee petition in its entirety for lack of timeliness." *Radtke v. Caschetta*, 2016 U.S. App. LEXIS 7990 (D.C. Cir. May 3, 2016). See also *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005) (Fed. R. Civ. P. 54 14-day period begins with the entry of the amended judgment).

If the Court is not yet convinced of the timeliness of the request for attorneys' fees under the case law and rules cited above, the Pension Fund moves pursuant to Fed. R. Civ. P. 6(b) that the deadline for filing its motion for attorneys' fees and costs under Fed. R. Civ. P.54(4) be extended to 14 days from the entry of the Amended Judgment on the grounds of excusable neglect as precisely stated by the Court in *Drumgold.,* "Even if Drumgold's motion for attorneys' fees was indeed untimely under the rule, I can extend the deadline after it has expired if I find that Drumgold failed to act because of 'excusable neglect.' Fed. R. Civ. P. 6(b). Excusable neglect could be attributed to the uncertainty of the law created by the recent changes in the Federal Rules." *Drumgold*, 806 F.Supp. at 436. Uncertainty, one could argue, that has been compounded by the many court holdings that extend the deadline for filing beyond the Fed. R. Civ. P.54(d) 14-day deadline when a timely motion is filed under Fed. R. Civ. P.59(e) as cited above the most recent of which was published in 2016. *Sorenson*, 2016 U.S. Dist. LEXIS 36626 at 8-10.

In the alternative, the Pension Fund requests equitable tolling of the 14-day deadline proposed by Sun Capital as was granted by the District Court in Nebraska on a similar case but one in which the request was seventeen months late. "[E]ven if plaintiff's motion for attorney

fees is technically late under Fed. R. Civ. P. 54(d)(2)(B)(i), this court finds that the plaintiff's motion for attorney fees is appropriate under the doctrine of equitable tolling.  Courts generally employ the doctrine of equitable tolling to provide 'relief from the harshness of mechanical rules.'  *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995)." *Patterson v. Mut. of Omaha Ins. Co.*, 2014 U.S. Dist. LEXIS 168812, 11-12 (D. Neb. Dec. 4, 2014).

Finally, the Pension Fund contends that the holding in *White v. New Hampshire Dep't.* 455 U.S. 445 (1982) is distinguishable from the case at bar.  The case dealt with the discretionary imposition of attorneys' fees to a prevailing party in a civil rights case.  As stated by the First Circuit, "In *White*, the Court noted that an award of attorney's fees under section 1988, is 'uniquely separable' from the main cause of action and, 'does not imply a change in the judgment.'  In contrast, the district court judgment in this case expressly included an award of interest and the relief sought by Elias would necessarily require a change in the judgment." *Elias v. Ford Motor Co.*, 734 F.2d 463, 466 (1st Cir. 1984) (citation omitted).  In addition, the *White* Court found that using the discretion conferred by § 1988 with respect to attorneys' fees, "will support a denial of fees in cases in which a post-judgment motion unfairly surprises or prejudices the affected party." *White,* 455 U.S. at 452-454.  In the instant case, the Pension Fund's claim is made pursuant to the Employee Retirement Income Security Act ("ERISA") § 502(g)(2), 29 U.S.C. § 1132(g)(2).  There is no discretion, nor element of surprise.  The imposition of attorneys' fees and costs is a mandatory, not collateral, element of the judgment as expressly requested by the Pension Fund in the prayer of its counterclaim.

The Pension Fund's Fed. R. Civ. P. 59(e) Motion was not filed as a "self-help" tool, gimmick or clever plot to circumvent the 14-day attorneys' fee deadline.  The motion was filed to ensure that the judgment contained all the mandatory damage elements set forth in ERISA §

502(g)(2) that were not included in the original judgment, i.e. accrued interest, liquidated damages and yes, attorneys' fees and costs. These were part of the merits of the action to which the fees pertain. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 16, 200 (1988).

Attached as Exhibit 2 is the Affidavit with respect to attorneys' fees and costs in the total amount of $340,977.58.

2. Failure to Confer Pursuant to Local Rule 7.1(a) Does Not Warrant a Denial of the Pension Fund's Fed. R. Civ. P. 59(e) Motion.

It is unclear what remedy Sun Capital seeks as a result of counsel's failure to confer. Sun Capital agrees to an amended judgment to include the liquidated damages and interest requested in the motion. It cites to this Court's decision that failure to confer is enough to deny the motion. *Martinez v. Hubbard*, No. CV 09-11431-DPW WL 109227 at *4. However, in that case this Court did not resort to such a drastic remedy, and such a drastic remedy is not called for in this case.

Prior to the filing of its Motion pursuant to Fed. R. Civ. P. 59(e), counsel for the Pension Fund did discuss with Attorney Folkman her intention to file a post-judgment motion with respect to the mandatory damage provisions under ERISA § 502(g)(2). For that reason, the assented to motion to post a supersedeas bond was specifically made without prejudice to the Pension Fund's filing a Fed. R. Civ. P. 59(e) Motion. To be fair, the specifics of the motion were not discussed and the undersigned does not purport to have met the obligation to confer required by the Local Rule. However, the filing of the motion should not have been a surprise in any respect.

Given that the purpose of the rule is to resolve issues without the intervention of the Court in the interest of judicial economy, the most common consequence of the failure to confer under Local Rule 7.1 is an order to pay that portion of the opposing party's attorneys' fees

6

incurred as a result of the failure to confer. *Jalbert v. Grautski*, 2009 U.S. Dist. LEXIS 110521, 11-12 (D. Mass. Feb. 12, 2009).  In this case, although Sun Capital appears to argue that it would have agreed to include approximately $3 million in interest and liquidated damages if Fund counsel had conferred, the motion would still have reached the Court on the issue of the timeliness of the request for attorneys' fees as it is clear there could be no agreement between the parties.

By way of explanation, the Pension Fund's counsel was at the hospital caring for an extremely ill family member for whom she is the health care proxy at time that deadline under Fed. R. Civ. Pro. 59(e) approached.  The situation made it difficult, if not impossible, for her to meet her obligations under Local Rule 7.1.

For the foregoing reasons, the Pension Fund requests that its Fed. R. Civ. P. 59(e) Motion be granted and the judgment amended to include the following mandatory damages as set forth in ERISA § 502(g)(2), 29 U.S.C. 1132(g)(2), interest in the amount of $2,253,787.76 (as agreed), liquidated damages in the amount of $903,307.80 (as agreed) and attorneys' fees in the amount of $340,977.58.

Dated:  May 25, 2016                                        Respectfully submitted,

                                                            Catherine M. Campbell, Esq.
                                                            BBO # 549397
                                                            Feinberg, Campbell & Zack, PC
                                                            177 Milk Street, Suite 300
                                                            Boston, MA 02109
                                                            Tel: (617) 338-1976
                                                            Fax: (617) 338-7070


                                                            /s/ Catherine M. Campbell
                                                            Attorney for
                                                            Defendant/Counter-Plaintiff

## **CERTIFICATE OF SERVICE**

    I, Catherine M. Campbell, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those identified as non-registered participants.

| | |
|---|---|
| Date: May 25, 2016 | /s/ Catherine M. Campbell |
| | Catherine M. Campbell, Esq. |