UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN CAPITAL PARTNERS III, LP, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND TEAMSTERS &<br>TRUCKING INDUSTRY PENSION FUND,<br><br>　　　　　Defendant | Civ. A. No. 1:10-cv-10921-DPW |

## PLAINTIFFS' MOTION TO EXONERATE BONDS

The plaintiffs and counterclaim defendants, Sun Capital Partners III, LP, Sun Capital Partners III QP, LP, and Sun Capital Partners IV, LP ("the Sun Funds"), hereby move for an order exonerating the two supersedeas bonds in this action (ECF No. 184 and 211). In support of this motion, the Sun Funds state as follows:

　　　　1.　　In this action, the defendant and counterclaim plaintiff, the New England Teamsters & Trucking Industry Pension Fund ("the Pension Fund"), obtained a judgment against the Sun Funds on March 28, 2016. (ECF No. 178). The judgment did not quantify the amount of damages, but the amount claimed in the complaint was $4,516,539. (ECF No. 1 ¶ 52). The Sun Funds filed their notice of appeal on April 4, 2016. (ECF No. 179).

　　　　2.　　On April 12, 2016, the Court granted the Sun Funds' motion for approval of a supersedeas bond. (ECF No. 183). The Sun Funds filed the bond, in the amount of $4,968,693, on April 12, 2016. (ECF No. 184). The United States Surety Company was surety on the bond.

　　　　3.　　On April 25, 2016, the Pension Fund filed a motion to amend the judgment. (ECF No. 185). The Court granted the motion on November 26, 2018. (ECF No. 203). An amended

final judgment for damages in the amount of $9,381,100.13 entered on November 30, 2018. (ECF No. 206). The Sun Funds filed a notice of appeal from the amended judgment on December 21, 2018. (ECF No. 210).

4. On December 20, 2018, the Court granted the Sun Funds' motion for approval of a second supersedeas bond. (ECF No. 209). The Sun Funds filed the bond, in the amount of $5,349,918, on December 21, 2018. (ECF No. 211).

5. On March 20, 2020, the Court of Appeals issued its mandate. (ECF No. 223). In accordance with the mandate, the Court entered a final judgment in favor of the Sun Funds on March 23, 2020. (ECF No. 224).

6. The condition of the bonds was that the Sun Funds, "as Appellants, shall prosecute the appeal to effect and shall satisfy [this Court's] judgment in full, together with costs, interest, and damages for delay if the appeal is finally dismissed or if the judgment is affirmed or shall satisfy in full such judgment as modified together with such costs, interest and damages as the court of appeals may adjudge and award." If this condition is met, then the obligations in the bond "shall be void." (ECF No. 184 at 1-2). This condition has been met. The Sun Funds did prosecute their appeal. The obligation to "satisfy [the] judgment in full" exists only "if the appeal is finally dismissed or if the judgment is affirmed," and neither of those conditions occurred. There is a modified judgment, but it awards the Pension Fund no damages, and therefore, it has been satisfied.

7. The Pension Fund did not seek a stay of the mandate pending a petition to the Supreme Court for a writ of certiorari under Fed. R. App. P. 41(d), nor did the Pension Fund seek a stay of the mandate from the Supreme Court.

8. When an appellate court reverses a judgment for damages and where its mandate has issued, the supersedeas bond should be exonerated, even if the losing party—the former judgment creditor—has filed a petition for a writ of certiorari. *See Revlon, Inc. v. Carson Prods. Co.,* 647 F. Supp. 905, 905-06 (S.D.N.Y. 1986); *see also Water Techs. Corp. v. Calco, Ltd.,* 694 F. Supp. 1328, 1331 (N.D. Ill. 1988) ("absent unambiguous language in the supersedeas bond to the contrary, an appellant is liable under a bond only until the court of appeals has issued its mandate in a case or stayed its mandate pending application for certiorari").

For these reasons, the Sun Funds respectfully request that the Court exonerate the bonds. A proposed order in a form that the surety has indicated is acceptable to it is attached as Exhibit 1.

> Respectfully submitted,
>
> SUN CAPITAL PARTNERS III, LP, SUN CAPITAL PARTNERS III QP, LP, and SUN CAPITAL PARTNERS IV, LP
>
> By its attorneys:
>
> /s/ Theodore J. Folkman
> Theodore J. Folkman (BBO No. 647642)
> PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP
> One Liberty Square
> Boston, MA 02109
> (617) 229-5415
> tfolkman@piercebainbridge.com

Dated: March 25, 2020

RULE 7.1 CERTIFICATE

I certify that I conferred with counsel for the Pension Fund by email on March 24 and 25, 2020 regarding this motion.

/s/ Theodore J. Folkman